ORIGINAL

FILED

JUN  4 2010

U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT

# OF FEDERAL CLAIMS

ISAAC A. POTTER JR.,

DOE PLAINTIFF,

CASE NO. 10-346 C

V.

THE UNITED STATES

## COMPLAINT

1. THE PLAINTIFF ALLEGE THAT THE BASIS FOR THE COURT'S
JURISDICTION AND CITATIONS TO THE UNDERLYING STATUES
OR REGULATIONS THAT MANDATE THE PAYMENT OF MONEY.
28 U.S.C.SUBSECTION 1446 (PROCEDURE  FOR REMOVAL (F)
PURSUANT TO SECTION 337 (C) OF THE TARIFF ACT OF 1930, THE
COUNTERCLAIM SHALL RELATE BACK TO THE DATE OF THE
ORIGINAL COMPLAINT IN THE PROCEEDING BEFORE THE
INTERNATIONAL TRADE COMMISSION UNDER SECTION 337 OF
THAT ACT. (DEC. 8, 1994, PUB.L.103-465, SUBSECTION, 321-108
STAT. 4943).

PAGE 1

RECEIVED

JUN 4 2010

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

2. 28 U.S.C. SUBSECTION 1498 PATENT AND COPYRIGHT CASES (a) WHENEVER AN INVENTION (ROC-2228 THE ZODIAC KNIGHTS 2000) DESCRIBED IN AND COVERED BY PATENT OF THE UNITED STATES IS USED OR MANUFACTURED BY OR FOR THE UNITED STATES WITHOUT LICENCE OF THE OWNER THEREOF OR LAWFUL RIGHT TO USE OR MANUFACTURE THE SAME, THE OWNER'S REMEDY SHALL BE BY ACTION AGAINST THE UNITED STATES  IN THE UNITED STATES COURT OF FEDERAL CLAIMS FOR THE RECOVERY OF HIS REASONALBLE AND ENTIRE COMPENSATION FOR SUCH USE AND MANUFACTURE.

3. 28 U.S.C. SUBSECTION 1498 PATENT AND COPYRIGHT CASES (b), HEREAFTER, WHENEVER THE COPYRIGHT IN ANY WORK PROTECTED UNDER THE COPYRIGHT LAWS OF THE UNITED STATES SHALL BE INFRINGED BY THE UNITED STATES, BY A CORPORATION OWNED OR CONTROLLED BY THE UNITED STATES, OR BY A CONTRACTOR, SUBCONTRACTOR, OR ANY PERSON, FIRM, OR CORPORATION ACTING FOR THE GOVERNMENT AND WITH AUTHORIZATION OR CONSENT OF THE GOVERNEMENT, THE EXCLUSIVE ACTION WHICH MAY BE BROUGHT FOR SUCH INFRINGEMENT SHALL BE AN ACTION BY THE COPYRIGHT OWNER AGAINST THE UNITED STATES IN THE COURT OF FEDERAL CLAIMS FOR THE RECOVERY OF HIS REASONALBE DAMAGES FOR SUCH INFRINGEMENT, INCLUDING

PAGE 2 CONTINUED

THE MINIMUM STATUTORY DAMAGES AS SET FORTH IN SECTION 504(c) OF TITLE 17, UNITED STATES CODE:

4. 15 U.S.C.SUBSECTION 1120 CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION (SECTION 38) ANY PERSON WHO SHALL PROCURE REGISTRATION IN THE PATENT AND TRADEMARK OFFICE OF A MARK BY A FALSE OR FRUADULENT DECLARATION OR REPRESENTATION, ORAL OR IN WRITING, OR BY ANY FALSE MEANS, SHALL BE LIABLE IN A CIVIL ACTION BY ANY PERSON INJURED THEREBY FOR ANY DAMAGES SUSTAINED IN CONSEQUENCE THEREOF, (JULY 5, 1946, CH 540, TITLE VI, SUBSECTION 38, 60 STAT. 440; JAN. 2, 1975, PUB.L.93-596, SUBSECTION 1, 88 STAT. 1949).

5. ECONOMIC ESPIONAGE ACT OF 1996, 18 U.S.C. SUBSECTION 1831 (a)(1)(2)(3)(4)(5), WHOEVER, INTENDING OR KNOWING THAT THE OFFENSE WILL BENEFIT ANY FOREIGN GOVERNMENT, FOREIGN INSTRUMENTALITY, OR FOREIGN AGENT KNOWINGLY- ARE AS FOLLOWS:

A. TOEI ANIMATION COMPANY, LTD

B. BANDAI OF AMERICA INC

C. CARTOON NETWORK INC

D. DIC ENTERTAINMENT

E. GENERAL MILL INC

PAGE 3

F.  DISNEY ADVENTURE MAGAZINE

G.  INVENTION SUBMISSION CORPORATION

H.  INTROMARK INC

I.   UNIVERSAL CONSULTING SERVICE

J.   VPI.NET

K.  ADV FILMS

L.  COUCH POTATO TRADEMARK AND DESIGN

M. MYTHIC ENTERTAINMENT

N.  SHUEISHA (KOTO INC)

O.  MASAMI KURUMADA            P. NBC NETWORK

6.  (B) ORGANIZATIONS- ANY ORGANIZATION THAT COMMITS ANY
    OFFENSE DESCRIBED IN SUBSECTION (a) SHALL BE FINED NOT
    MORE THAN $10,000,000.00

7.  TRADEMARK COUNTERFEITING ACT OF 1984, TRAFFICKING IN
    COUNTERFEIT GOODS OR SERVICES (18 U.S.C. SUBSECTION 2320)
    (a)(b)(c)(d)(1), PURSUANT TO RUE 32 (C) OF THE FEDERAL RULES
    OF CRIMINAL PROCEDURE

8.  18 U.S.C. SUBSECTION 2318, TRAFFICKING IN COUNTERFEIT
    LABELS, ILLICIT LABELS, OR COUNTERFEIT DOCUMENTATION
    OR PACKING, (18 U.S.C. SUBSECTION 2319A) APRIL 27, 2005,
    PUB.L.109-9, SUBSECTION 102,119 STAT. 218

PAGE 4

9. 17 U.S.C.SUBSECTION 511 (a)(B)(ADD NOV. 15, 1990, PUB.L.101-553, SUBSECTION 2, 104 STAT. 2749-50; AUG 5, 1999, PUB.L.106-44, SUBSECTION 1 (G), 113 STAT. 222; NOV. 2, 2002, PUB.L.107-273, SUBSECTION 13210, 116 STAT. 1909).

10. 17 U.S.C.SUBSECTION 510 (A)(1)(2), (B) PURSUANT TO SECTION 111 (C) (3)

11. OCT.19, 1976, PUB.L.94-553, SUBSECTION 101, 90 STAT. 2587; NOV. 29, 1999, PUB.L.106-113, SUBSECTION 1011, 113 STAT. 1501A-543.

## STATEMENT OF FACTS

1. UNDER THE LANHAM ACT, 15 U.S.C. SECTION 1051et seq., the PLAINTIFF, ISAAC A.POTTER JR., IS THE VALID OWNER OF A REGISTERED COPYRIGHT (VAu-357-366) AS OF OCTOBER 10, 1995, A VALID COMMONLAW USE AS OF MARCH 1992, CREATED IN 1986 AND USED IN MARCH 1992 WITH THE INVENTION TITLED THE ZODIAC KNIGHTS 2000 ROC-2228; COMPANY INVENTION SUBMISSION CORPORATION.

2. THE PLAINTIFF'S ARE THE VALID OWNERS OF A COMMON LAW TRADEMARK USED IN MARCH 1992 FOR AN INVENTION TITLED THE ZODIAC KNIGHTS 2000 USED AND INVENTED IN THE UNITED STATES. A VALID STATE OF INDIANA TRADEMARK, FILE NO. 2004-0106 AND FILE NO. 2004-0105. A VALID FEDERAL TRADEMARK APPLICATION NO. 75255139. 1997 IN THE UNITED STATES.

1.UNDER THE LANHAM ACT, 15 U.S.C. 1051et seq., THE PLAINTIFF'S ALLEGE THAT HE IS THE VALID OWNER OF THE COPYRIGHT (THE ZODIAC KNIGHTS 2000) REG# VAu-357-366, OCTOBER 10, 1995 AND THE VALID OWNER OF THE STATE OF INDIANA TRADEMARK (THE ZODIAC KNIGHTS 200) FILE NO- 2004-0105 AND FILE NO-2004-0106 AND A COMMON LAW TRADEMARK AND COMMON LAW COPYRIGHT ( THE ZODIAC KNIGHTS 2000) FIRST TO INVENT , CREATED 1986(FIRST TO USE MARCH 1992 IN THE UNITED STATES AS AN INVENTION-FILE NO. ROC-2228 WITH THE INVENTION SUBMISSION CORPORATION.

THE DEFENDANTS USED AN IDENTICAL OR SIMILAR MARK (KNIGHTS OF THE ZODIAC) IN COMMERCE WITHOUT PERMISSION FROM THE PLAINTIFF'S. THE VENUES WHERE :

A. ANIMATION TELEVISION SERIES (KNIGHTS OF THE ZODIAC) 2003
B. ACTION FIGURES SOLD ON THE INTERNET THRU AMAZON/EBAY
C. GAMES ON THE INTERNET (KNIGHTS OF THE ZODIAC)
D. BOOKS ON THE INTERNET (AMAZON)/EBAY, YAHOO, GOOGLE
   ETC.
E. DVDS SOLD ON THE INTERNET (KNIGHTS OF THE ZODIAC)
2. THE DEFENDANTS USE OF THE TITLE "KNIGHTS OF THE ZODIAC" POST DATE THE PLAINTIFF'S USE CONSIDERING THE DEFENDANTS MARK IS FOREIGN AND FRAUDULENT. THE DEFENDANTS USE BEGIN 2001 AND AUGUST 30TH AT 7:00P.M. ON CARTOON NETWORK.
3. THE PLAINTIFF'S ALLEGE HAVING PRIORTY IN THE UNITED STATES A COUNTRY OF FIRST TO INVENT AND NOT FIRST TO FILE.
4. THE PLAINTIFF'S ALLEGE THE DEFENDANTS ADVERTISED IN THE DISNEY ADVENTURE MAGAZINE.
5. THE PLAINTIFF'S ALLEGE THE DEFENDANTS USE IF LIKELY TO CAUSE CONFUSION, THE EXPRESSION OF THE ARTWORK IS EXACTLY THE SAME FORMULA USED BY THE PLAINTIFF'S.

PAGE 6

6. THE PLAINTIFF'S ALLEGE THE DEFENDANTS USED REVERSE PALMING, REVERSE CONFUSION METHOD, THE AUDIENCE IS THE SAME (BOYS 6-10 YEARS OF AGE). THE TRADEMARK CLASSES ARE THE SAME.

7. THE PLAINTIFF'S ALLEGE THE DEFENDANTS FALSELY DESIGNATED THE ORIGIN OF THE WORK IN TOKYO JAPAN, FRANCE, SPAIN. THE FALSE DESIGNATION WAS LIKELY TO CAUSE CONSUMER CONFUSION RELATIN TO THE NATURE THE GOODS AND SERVICES OFFERED ALONG WITH THE DEFENDANTS MARK RESEMBLE THE PLAINTIFF'S MARK IN COMMERCE IN THE UNITED STATES AND INTERNATIONALLY.

8. THE PLAINTIFF' ALLEGE HARM BY THE DEFENDANT'S FALSE DESIGNATION, WHEREAS THE DEFENDANT ALLEGES A 17-YEAR RICH HISTORY WITH THE "KNIGHTS OF THE ZODIAC", SELLING MORE THEN FIVE MILLION ACTION FIGURES IN JAPAN AND MORE THEN 25 MILLION GØLOBALLY BASED ON THE HIT TELEVISION SHOW AND COMIC BOOK SERIES, THIS IS KNOWN AS PUFFERY AND A SCOOPING MEHTOD.

9. THE PLAINTIFF'S ALLEGE COPYING OF CONSTITUENT ELEMENTS OF THE WORK THAT ARE ORIGINAL IN THE UNITED STATES AS A ACTION FIGURES, BOOKS, REPRESENTING THE SIGNS OF THE ZODIAC AS SUPERHEROS.

10. THE PLAINTIFF'S ALLEGE THE DEFENDANT, MASAMI KURUMADA, OF JAPAN, BANDAI OF JAPAN, TOEI ANIMATION CO., LTD OF JAPAN AND SHUEISHA (KOTO INC) OF JAPAN WAS IN DIRECT RECEIT OF THE INVENTION "THE ZODIAC KNIGHTS 2000" THROUGH THEIR LICENSING PARTNER INVENTION SUBMISSION CORPORATION, INTRO MARK INC, AND UNIVERSAL CONSULTING SERVICE.

11. THE PLAINTIFF'S ALLEGE THAT THE INVENTION PROMOTER of INVENTION SUBMISSION CORPORATION/INTROMARK INC, AND UNIVERSAL CONSULTING SERVICE, VIOLATED PROMOTION LAWS 35 U.S.C. SUBSECTION 297, SECTION 297 (a)section 297(b).

PAGE 7

WHEREFORE, THE PLAINTIFFS REPECTFULLY REQUEST THE FOLLOWING RELIEF:

ACCORDING TO FRCP 26(a) THE PLAINTIFF'S ARE ENTITLED TO RELIEF AS FOLLOWS:

COUNT 1,

A. UPON ISSUANCE OF ATEMPORARY RESTRAINING ORDER AND A PRELIMINARY AND PERMANENT INJUNCTION PROHIBITING CARTOON NETWORK, TOEI ANIMATION CO.,LTD AND BANDAI OF AMERICA, DIC ENTERTAINMENT, ADV FILMS FROM OPERATING, ASSIGING, ALIENATING, OR SELLING THE INFRINGING MACHINE AND PROHIBITING ALL FUTURE INFRINGEMENT OF THE COPYRIGHT AND TRADEMARK(S) OWNED BY ISAAC A. POTTER JR., AND SAMUEL POTTER OF THE POTTER BOYS CREATION;
B. UPON COUNT 2

AJUDGEMENT OF DAMAGES AGAINST CARTOON NETWORK, BANDAI OF AMERICA INC, DIC ENTERTAINMENT, INVENTION SUBMISSION CORPORATION, INTROMARK INC, UNIVERSAL CONSULTING SERVICE, TOEI ANIMATION CO, LTD, MASAMI KURUMADA, SHUEISHA, ADV FILMS, VPI.NET, DISNEY ADVENTURE MAGAZINE, COUCH POTATO TRADEMARK AND DESIGN, MYTHIC ENTERTAINMENT, GENERAL MILLS, AND THE UNITED STATES GOVERNMENT FOR INFRINGEMENT OF THIS COPYRIGHT AND TRADEMARK DAMAGES.

C. PUNITIVE DAMAGES $1,000,000,000.00
D. COUNT 3 (STATUTORY DAMAGES)
E. ENHANCEMENT OF DAMAGES AND ATTORNEY FEES AND COURT COSTS
F. ALL SUCH OTHER RELIEF OFWHATEVER NATURE AS MAY IS JUST AND EQUITABLE AND OR REQUIRED BY PERMITTED LAW.

PAGE 8

9. THE PLAINTIFF ALLEGES THAT THE GOVERNMENT AGENT OF THE
COPYROYALTY BOARD, THE TTAB, THE COPYRIGHT OFFICE, THE U.S.
PATENT AND TRADEMARK OFFICE ALLOWED INFRINGEMENT OF A
US CITIZENS COPYRIGHT AND TRADEMARK RIGHTS FROM 1992 TO
2010.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE THIS___ DAY, APRIL 2010, SERVED
A TRUE AND CORRECT COPY OF THE WITHIN AND FOREGOING
COMPLAINT ON THE U.S. COURT OF FEDERAL CLAIM; BY DEPOSITING
A COPY OF SAME IN THE UNITED STATES MAIL, IN AN ENEVELOPE
WITH ADEQUATE POSTAGE AFFIXED THERETO, ADDRESSED TO :

CLERK, U.S. COURT OF FEDERAL CLAIMS

717 MADISON PLACE, NW, ROOM 103

WASHINGTON, DC 20005

THIS DAY___, OF APRIL, 2010

ISAAC A. POTTER JR.(PRO SE)

2000 CABO SAN LUCAS DRIVE APT 105

ORLANDO, FLORIDA 32839
PH# 407-929-9027 / 407-929-8902

isaacpotter@tmail.com / ipotter2000@yahoo.com

ISAAC A. POTTER JR.,

ERNEST OBAS
Notary Public, State of Florida
Commission# DD822150
My comm. expires Sept. 11, 2012

Page 9

RECEIVED

JUN  4 2010

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

FILED IN CHAMBERS
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUG 2 1 2007

JAMES N. HATTEN, Clerk
By: [signature] Clerk
Deputy Clerk

ISAAC A. POTTER, JR., and
SAMUEL POTTER,

      Plaintiffs,

v.

THE CARTOON NETWORK LP, LLLP,

      Defendant.

CIVIL ACTION NO.
1:06-CV-2076-JEC

## O R D E R   &   O P I N I O N

This case is presently before the Court on defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9]. The Court has reviewed the record and, for the reasons set out below, concludes that defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9] should be **DENIED**.

### BACKGROUND

Plaintiffs are brothers who do business as "Potter Boys Creations" in Orlando, Florida. (Am. Compl. [5] at ¶ 1.) Defendant is a corporation doing business throughout the United States. (Id. at ¶ 2.) On October, 10, 1995, plaintiff Isaac Potter obtained copyright protection, registration number VAu-357-366, for drawings entitled "Zodiac Knights 2000." (Copyright R. Attached to Pls.' Am.

AC 72A
Rev.8/82)

Compl. [5].) On August 30, 2003, defendant aired an anime television series entitled "Knights of the Zodiac." (Statement of Facts Attached to Am. Compl. [5] at ¶ 11.c.) Sometime later, plaintiffs became aware of defendant's television program and informed defendant that plaintiffs believed the television program infringed upon their copyright. (Am. Compl. [5] at ¶¶ 11-14.) Plaintiffs contend that after they contacted defendant about the alleged infringement, defendant sought unsuccessfully to obtain copyright and trademark protection for their animated series. (Id. at ¶ 15.) At or around this time, plaintiffs registered "Zodiac Knights 2000" as a trademark in Indiana.[1] (Certificates of Trademark Registration Attached to Pl.'s Am. Compl [5].)

On July 18, 2006, plaintiffs filed suit pro se in Fulton County court, seeking damages for copyright and trademark infringement. (Ex. A to Def.'s Notice of Removal [1].) Defendant was served with notice of the lawsuit on August 1st, and removed the case to this Court on August 31, 2006. (Def.'s Notice of Removal [1] at ¶¶ 2-3.) On September 5, 2006 defendant filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement [4]. On October 2, 2006, plaintiffs, in lieu of responding to defendant's motion, filed an

---

[1] While "Zodiac Knights 2000" was registered as a trademark in Indiana on March 1, 2004, after defendant first aired "Knights of the Zodiac," it is unclear whether plaintiffs sought trademark registration before or after learning of the program's existence.

2

Amended Complaint [5].   In light of the filing of this Amended Complaint, the Court denied defendant's motion without prejudice, "as [the] Amended Complaint may [have] cure[d] some of the defects" in the original complaint. (Order [6].)   On October 19, 2006, defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint, or, Alternatively, for a More Definite Statement, which is presently before the Court [9].

**DISCUSSION**

I.   **Standard**

   A.   **Standard for Dismissal Under Rule 12(b)(6)**

   Defendants have moved for dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.   (Def.'s Mot. to Dismiss [9].)   In ruling on defendant's motion, the Court must assume plaintiffs' allegations are true and construe all facts and inferences in the manner most favorable to plaintiffs. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). Dismissal is only appropriate if plaintiffs have not pled facts supporting each of the material elements of their allegations. *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969 (2007).   "The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997); *see* FED.

3

R. Civ. P. 10(c) (written exhibits attached to a pleading are treated as part of the pleading).  Additionally, a "*pro se* complaint [is held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.   **Standard for a More Definite Statement Under Rule 12(e)**

Defendant moves alternatively for a more definite statement of plaintiffs' claims.  Pursuant to Federal Rule 12(e), defendant is entitled to a more definite statement if plaintiffs' claims are "so vague or ambiguous that a [defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  For the motion to be granted, the ambiguity must usually lie in "the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Otherwise, discovery, not Rule 12(e) motions, is the proper tool for determining the specifics of the claims. *Id.*

## II.   **Plaintiffs' Trademark Infringement Claims**

### A.   **Plaintiffs' Trademark Claims Were Not Abandoned**

Defendant contends that plaintiffs abandoned their trademark infringement claims, stating that the Amended Complaint "does not contain any allegations of, or request any relief for, trademark infringement."  (Def.'s Mem. in Supp. of Its Mot. to Dismiss Pls.' Am. Compl., or Alternatively, for a More Definite Statement [9] at 5.)("Def.'s Mem.") The Court does not find this to be the case. Though plaintiff does not include trademark infringement in one of

4

the "Counts" of the Amended Complaint, the "Summary of Claims" plainly states that "this is a civil action for infringement of . . . a registered state trademark." (Am. Compl. [5].) Due to this language, the plaintiffs' *pro se* status, and the plaintiffs' scattered pleading of each of the constituent elements of trademark infringement, discussed *infra*, the Court concludes that plaintiffs have not abandoned their trademark claims.

## B.  Plaintiffs Stated a Lanham Act Claim

Although plaintiffs do not cite their claim as such, their federal trademark infringement claim rises under Section 43(a) of the Lanham Act. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).[2] The elements of a Section 43(a) claim

---

[2]Section 43(a) provides in pertinent part:

(1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . .

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)

5

are (1) the plaintiff had rights in the contested mark and ( 2) the defendant's mark is substantially similar to the mark of the plaintiff such that consumers are likely to be confused. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). Accordingly, these are the elements that must be pled to sustain a claim for trademark infringement under Section 43(a). *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11 Cir. 2001) (complaint must "contain . . . allegations respecting all the material elements necessary to sustain a recovery.")

Defendant argues that plaintiffs have failed to plead five elements of trademark infringement. (Def.'s Mem. [9] at 5.)[3] However, as noted *supra*, there are only two elements a plaintiff must plead to state a claim for trademark infringement.   Here, the plaintiffs have pled each of these elements.   They allege that they obtained protection for "Zodiac Knights 2000," both through "the publication and sale of comic book depictions" and through the registration of the mark in Indiana. (Am. Compl. [5] at ¶¶ 7-9.) This is sufficient to allege prior rights to the mark under FED. R. CIV. P. 8.  Likewise,

---

[3]   Specifically, defendant alleges that "the Amended Complaint fails to identify 1) Plaintiff's ownership of any federally-registered trademark, 2) whether any allegedly-infringed trademark is validly registered, 3) whether any alleged trademark claims are based on common law, state law, or federal law, 4) Plaintiffs' prior use in commerce of any allegedly infringed trademarks, or 5) marks adopted by Cartoon Network which are allegedly infringing any trademarks owned by Plaintiffs."  (Def.'s Mem. [9] at 5.)

AO 72A
(Rev.8/82)

plaintiffs alleged that "defendants [sic] use is likely to cause confusion," thus successfully pleading the second required element. (Statement of Facts Attached to Am. Compl. [5] at ¶ 2). Because the Court finds that plaintiffs have pled each element required to state a claim for trademark infringement, defendant's motion is **DENIED** regarding plaintiffs' Lanham Act claim.

### C. Plaintiffs Stated a State Law Trademark Infringement Claim

In the "Summary of Claims" section of the Amended Complaint, plaintiffs allege violation of an Indiana trademark, registered under IND. CODE § 24-2-1-1 *et seq.* The elements of trademark infringement under Indiana state law are substantially the same as the elements of a federal claim for trademark infringement. *See Westward Coach Mfg. Co. v. Ford Motor Co.,* 388 F.2d 627 (7th Cir. 1968). Because plaintiffs successfully pled the elements of a federal trademark infringement claim, *see supra*, they have also pled the elements of a claim under Indiana state trademark law. Therefore, defendant's motion to dismiss for failure to state a claim with regards to the state trademark infringement claim is **DENIED**.

### III. Plaintiffs' Copyright Infringement Claim

To state a claim for copyright infringement, plaintiffs need only claim "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). These two elements are plainly stated in the amended complaint. Plaintiffs

7

allege that "that they are the owners of the registered copyright known as 'Zodiac Knights 2000'" and that "defendant has used the figures copyrighted as 'Zodiac Knights 2000.'" [Am. Compl. [5] at ¶¶ 4-5].   Thus, plaintiffs have stated a claim for copyright infringement sufficient to meet the liberal pleading standards of Rule 8.   Accordingly, defendant's motion to dismiss for failure to state a claim is **DENIED** with respect to plaintiff's claim for copyright infringement.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9].


SO ORDERED, this ___21___ day of August, 2007.



_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)

# State of Indiana
## Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

POTTER, ISAAC A. JR.                           Partnership
2525 DONNA STREET APT D
NORTH LAS VEGAS, NV 89030 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### "ZODIAC KNIGHTS 2000" & Design (attached)

This mark is used in connection with the following: **PRINTS AND PUBLICATIONS**

Class of Merchandise: **38**                   FILE No. **2004-0105**
Date of Registration: **3/1/2004**             Date of Expiration: **2/28/2014**
Date of first use in the United States: **1/1/1992**    Date of first use in Indiana: **12/27/2002**



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on March 1, 2004

Todd Rokita                    Secretary of State

Certificate Number: 20040303-04655
Page 1 of 3

# State of Indiana
## Office of the Secretary of State
### CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

POTTER, ISAAC A. JR.                                          Partnership
2525 DONNA ST. APT D
NORTH LAS VEGAS, NV  89030  USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### "ZODIAC KNIGHTS 2000"  & Design (attached)

This mark is used in connection with the following:  GAMES, TOYS AND SPORTING GODDS

Class of Merchandise: **22**                     FILE No. **2004-0106**
Date of Registration: **3/1/2004**              Date of Expiration: **2/28/2014**
Date of first use in the United States: **1/1/1992**     Date of first use in Indiana: **12/27/2002**



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on March 1,2004

Todd Rokita                           Secretary of State

Certificate Number: 20040303-04656
Page 1 of 3

**Copyright** | **Search Records Results**

Registered Works Database (Title Search)
**Search For:** ZODIAC KNIGHTS 2000
**Item 1 of 1**

| | |
|---|---|
| *1. Registration Number:* | VAu-357-366 |
| Title: | Zodiac Knights 2000. |
| Description: | Drawings. |
| Claimant: | [Author and claimant] Isaac Abraham Potter , Jr., 1967- |
| Created: | 1992 |
| Registered: | 10Oct95 |
| Miscellaneous: | C.O. corres. |
| Special Codes: | 5/S |

Home | Contact Us | Legal Notices | Freedom of Information Act (FOIA) | Library of Congress

U.S. *Copyright Office*
101 Independence Ave. S.E.
Washington, D.C. 20559-6000
(202) 707-3000

**Copyright**  | **Search Records Results**

Registered Works Database (Title Search)
**Search For:** KNIGHTS OF THE ZODIAC
**Items 1 - 20 of 61**
**For a list of commonly used abbreviations that appear in the catalog record, click here.**

**Conduct Another Search**

---

1. Registration Number: PA-1-151-126
   Title: Saint Seiya : no. 59, Hyoga comes back to life.
   Description: Videocassette ; 1/2 in.
   Note: Animation. Japanese.
   Claimant: acToei Animation Company, Ltd. DPUB: *1987 DREG:
   Title on © Application: Knights of the zodiac.
   Miscellaneous: C.O. corres. Reg. under GATT/URAA restoration
   Special Codes: 4/X/L

2. Registration Number: PA-1-151-127
   Title: Saint Seiya : no. 52, Ares] Legendary Satanic blow.
   Description: Videocassette ; 1/2 in.
   Note: Animation. Japanese.
   Claimant: acToei Animation Company, Ltd. DPUB: *1987 DREG:
   Title on © Application: Knights of the zodiac.
   Miscellaneous: C.O. corres. Reg. under GATT/URAA restoration
   Special Codes: 4/X/L

3. Registration Number: PA-1-151-128
   Title: Saint Seiya : no. 57, Shaka opens his eyes.
   Description: Videocassette ; 1/2 in.
   Note: Animation. Japanese.
   Claimant: acToei Animation Company, Ltd. DPUB: *1987 DREG:
   Title on © Application: Knights of the zodiac.
   Miscellaneous: C.O. corres. Reg. under GATT/URAA restoration
   Special Codes: 4/X/L

4. Registration Number: PA-1-151-129
   Title: Saint Seiya : no. 55, Cry of Athena.
   Description: Videocassette ; 1/2 in.
   Note: Animation. Japanese.
   Claimant: acToei Animation Company, Ltd. DPUB: *1987 DREG:
   Title on © Application: Knights of the zodiac.